## LEWIS v. LEWIS.
### No. 15077.

Court of Civil Appeals of Texas
Fort Worth.
Oct. 28, 1949.

Richard Owens, Fort Worth, for appellant.

Holloway, Crowley & Hudson, and Edgar H. Keltner, Jr., Fort Worth, for appellee.

HALL, Justice.

Appellee Colonel Jackson W. Lewis sued appellant, his wife, Kathrina Lewis, for a divorce in the district court of Tarrant County, Texas. Both parties asked for custody of the child. Appellant filed a plea in abatement to appellee's cause of action alleging appellee was not a bona fide inhabitant of the State of Texas nor of the County of Tarrant for the statutory period of one year and six months respectively immediately before filing of petition.

The court overruled the plea in abatement and proceeded to try the case on its merits, which resulted in a judgment granting appellee a divorce; and granting appellant $150.00 attorney's fees, custody of the child and child support of $100.00 per month. The judgment of the court was supported by findings of a jury.

Appellant being dissatisfied with the judgment appeals to this court by submitting three points of error, to-wit:

1. "The trial court erred in overruling the defendant's plea in abatement and in

granting the plaintiff a decree of divorce, because the undisputed evidence showed that the plaintiff had not been an actual bona fide inhabitant of the State of Texas for a period of twelve months preceding the filing of this lawsuit, and had not resided in Tarrant County, Texas, for six months next preceding the filing of same."

2. "The trial court erred in overruling the motion for an instructed verdict made by the defendant at the close of the evidence, because the evidence of the plaintiff had wholly failed to establish by full and satisfactory evidence that the plaintiff was entitled to a divorce on the ground of cruel treatment."

3. "The trial court erred in overruling the appellant's objection to the submission of the charge in connection with Special Issue No. 1, because such charge is erroneous in that it permitted the jury to find that the plaintiff was an actual bona fide inhabitant of the State of Texas, and had resided in Tarrant County, Texas, for six months next preceding the filing of this lawsuit, although he had not been physically present during that time, if they believed the plaintiff had established a permanent domicile by an intention accompanied by some act."

Appellant insists that appellee failed to prove residential qualification sufficient to establish residence in Tarrant County, Texas, as provided by law in view of the fact that it was admitted by appellee that he was not physically present for twelve months in Texas next preceding the filing of his petition for a divorce, nor did he actually reside in Tarrant County any part of the six months' period next preceding such filing.

Article 4631, as amended, Vernon's Ann. Civ.St. art. 4631, reads in part as follows: "* * * A citizen of this State who is or has been absent from this State for more than six (6) months in the military or naval service or other service of the United States or of this State, shall be entitled to sue for divorce in this State and in the county in which such person had his or her residence before entering such service."

Appellee may not come within the express terms of the quoted portion of Article 4631 as amended, since he did not live in Tarrant County, Texas, when he entered the military service. However, it is our belief that the quoted statute reflects the public policy of this state with respect to the residence of a citizen who is compelled to be away from the State in the military service, whether his residence in the State began prior or subsequent to his entry in the military service. The reasons are the same in each case for saying that residence, within the meaning of the divorce laws, is not lost by the fact of being away in the military service.

Having reached the above conclusion, we find there was sufficient evidence to support the court's judgment in behalf of appellee to the effect that he had been an actual bona fide resident of this State for a period of twelve months and had resided in Tarrant County for six months next preceding the filing of his petition.

Appellee testified that in 1920 he was a citizen of the State of Texas, for a while living in El Paso; that later his business carried him into many states and that he entered the armed forces of the United States Government from California. In 1946 after returning from overseas duty he requested to be stationed in Fort Worth, Tarrant County, Texas; such request was granted and he established a home with his wife in Fort Worth, told many people, some of whom corroborated his testimony, that Fort Worth, Tarrant County was his home; he opened a bank account there and maintained the same since that time. He has at all times since then had his mail sent to Fort Worth and forwarded to him; he has paid taxes since said time in Tarrant County, Texas, even though he was moved, by the Government, to other states. In March, 1947 he was transferred from Fort Worth, Tarrant County, Texas to Toronto, Canada where he attended school until September of the same year. He was then transferred to Mitchell Field, Long Island, where he stayed until May, 1948, and from there was transferred to the air base at Tucson, Arizona, and at the

time of trial he was located in Tacoma, Washington.

Captain Eldon G. Evans testified that when he arrived in Fort Worth, Tarrant County, appellee Colonel Lewis met him and told him the following: "* * * Well I think I can get you a place without much trouble. This is my home and I know the people in the Chamber of Commerce, and I think I can do you some good * * *"; on other occasions appellee Colonel Lewis referred to Fort Worth as his home.

Lieutenant Robert E. Lynn testified in behalf of appellee as follows: "* * * At the time he was working on his house out there on Sixth Street. We discussed why he was spending so much money on it. He was screaming about costs out there. And he said that that was good deal for him, he intended to buy the place * * *"; he said on at least one occasion that he expected to make Tarrant County his home and that he never claimed any other place to be his home.

Ray W. Stall testified he had known appellee Lewis for many years; that he had worked with him while they were working for Remington-Rand Co. and every time Lewis would get a vacation Lewis would try to persuade Stall to come to Texas with him, that he liked the climate in Texas and that Lewis tried to talk Stall into making Texas his home.

Captain W. Gause testified that appellee Lewis spoke of Texas as being his home, that Colonel Lewis was paying his income taxes in Dallas County, Texas; that he visited in the Lewis home in Fort Worth.

V. L. Boothe testified appellee Colonel Lewis had for many years spoken to him about making Texas his home and that after appellee Lewis was stationed at Carswell Field that Lewis discussed with him about going into business in Fort Worth as soon as he was released from military service.

In 1946 appellee had his army records changed to show that his residence was in Fort Worth, Tarrant County, Texas.

We find under the above testimony that the trial court did not err in rendering judgment in favor of appellee to the effect that appellee was a bona fide citizen of the State of Texas and County of Tarrant for the statutory period of time required in filing and granting divorces, under the cases of Struble v. Struble, Tex.Civ.App., 177 S.W.2d 279, and Warfield v. Warfield, Tex. Civ.App., 161 S.W.2d 533.

Appellant's point No. 2 is directed to the insufficiency of the evidence to support the court's judgment granting appellee a divorce. We have read at length the testimony from many witnesses and have concluded that there is sufficient evidence to support the court's judgment for divorce. Among other facts, the testimony shows that appellant was born in Russia; that she told appellee before their marriage she was a citizen of the United States but that when they were transferred to Canada her citizenship was questioned and facts were determined which proved she was not a citizen of the United States; that such fact has embarrassed appellee and has jeopardized his professional standing with the armed forces. Other testimony is to the effect that she drinks intoxicating liquors to excess and has conducted herself in public in such a manner as to cause appellee great embarrassment. We overrule this point of error.

Appellant's contention under points 1 and 3 is that appellee was not qualified under the law to secure a divorce because he was not physically present in Texas during the year and the six months in Tarrant County next preceding the filing of his petition. Since appellee was in the armed forces of the United States during said year, we have resolved said contention against appellant in our statement in point No. 1 and therefore overrule point No. 3.

Judgment of the trial court is affirmed.